■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIVA MARRERO, Appellant. [631 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cozier, J.), rendered June 9, 1993, convicting him of criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the evidence against him is legally insufficient to prove that he knowingly possessed cocaine. We disagree. As part of a so-called buy-and-bust operation in an area of Brooklyn where drugs are known to be sold, Undercover Police Officer 3206 approached codefendant Hector Rivera and asked him if he had any "pedico," a slang term for cocaine. Rivera told the officer that he was waiting for some. Seconds later, the defendant appeared carrying a paper bag, which he gave to Rivera. Rivera and the officer walked several feet from the defendant. Rivera then took six aluminum-foil packets out of the paper bag and handed them to the officer. The officer paid Rivera with $30 of prerecorded money. The packets were later found to contain cocaine. Under these circumstances, we find that the evidence is legally sufficient to establish the defendant's guilt of criminal possession of a controlled substance in the seventh degree beyond a reasonable doubt (see, People v Reisman, 29 NY2d 278, cert denied 405 US 1041; People v Blythe, 203 AD2d 472).

It was not necessary for the trial court to specifically charge the jury that it might infer that the defendant knew he possessed a controlled substance from his possession thereof when it had already instructed the jury that it might "draw proper, reasonable and just inferences from the testimony." Mangano, P. J., Thompson, Ritter and Florio, JJ., concur.